UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO,<br>12 James Way<br>Cambridge, MA 02141<br><br>PLAINTIFF<br>vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>DEFENDANT | Judge _____<br>Civil Action No. _____ |

## COMPLAINT

### THE PARTIES

1. Plaintiff Ryan Noah Shapiro is a citizen of Massachusetts residing at 12 James Way, Cambridge, MA 02141.

2. Plaintiff is a Ph.D. candidate in the Department of Science, Technology, and Society at the Massachusetts Institute of Technology. Plaintiff specializes in research and analysis of conflicts at the nexus of American national security, law enforcement, and political dissent.

3. Defendant Department of Justice (DOJ) is an agency of the United States.

4. The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of the records Plaintiff seeks.

1

## JURISDICTION AND VENUE

5. This action arises under the Freedom of Information Act ("FOIA").

6. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

7. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

8. A digital luminary, Swartz was an eminent computer programmer, writer, political organizer, and internet activist. Swartz was a fellow at Harvard University and co-founder of the online activist group Demand Progress (known for its campaign against the federal Stop Online Privacy Act, a/k/a SOPA). On January 6, 2011, Swartz was arrested in connection with systematic downloading of academic journal articles at the Massachusetts Institute of Technology from the online search engine JSTOR. Swartz understood his actions as acts of civil disobedience to further the free flow of information. His alleged crimes became the subject of an intensive federal investigation. Swartz committed suicide in his Brooklyn apartment on or around 11 January 2013. His federal trial was scheduled to commence the following month.

9. The records sought by Plaintiff will shed light on the FBI and DOJ's involvement in the events precipitating Swartz's suicide. The records sought concern actual or alleged government activity pertaining to the FBI and DOJ's controversial and fiercely criticized investigations and impending prosecution of Swartz. Swartz's activism, and FBI/law enforcement responses to it, is of tremendous media interest. Further, Swartz's recent suicide is already adding significantly to the widespread media coverage of Swartz's activism and FBI/law enforcement responses to it.

10. Many prominent voices have asserted the FBI and DOJ's investigations and impending prosecution of Swartz constituted grossly disproportionate responses to Swartz's relatively minor alleged crimes. Many are also openly suggesting the FBI and DOJ's actions significantly contributed to Swartz's suicide, arguing that Swartz's death was "the product of a criminal justice system rife with intimidation and prosecutorial overreach." These voices include distinguished Harvard Law professor Lawrence Lessig.

### PLAINTIFF'S FOIA/PA REQUEST

11. On January 14, 2013, Plaintiff sent a FOIA/PA request to the FBI via Certified Mail (#7012 1010 0003 3674 4522) seeking a copy of records relating or referring to Aaron H. Swartz. Attached to his request, Plaintiff included an obituary for Mr. Swartz. Plaintiff requested a fee waiver and expedited processing for the request.

12. According to the records of the U.S. Postal Service, the FOIA/PA request described in the previous paragraph was received by the FBI on January 16, 2013.

13. Plaintiff received an acknowledgement letter from the FBI dated January 25, 2013 indicating that his FOIA/PA request had been received and assigned tracking number 1206993.

14. Plaintiff received a letter from the FBI dated January 25, 2013 regarding his FOIA/PA request (1206993), stating that his request for expedited processing had been granted pursuant to 28 CFR 16.5(d)(1)(ii).

15. Plaintiff received a letter from the FBI dated February 14, 2013 regarding his FOIA/PA request (1206995) stating that 23 pages had been reviewed and 21 pages were being released. The FBI asserted Exemptions 6, 7(C), 7(E), and 7(F). The letter further stated that it was unnecessary to adjudicate Plaintiff's fee waiver request because

there were no assessable fees.  The letter still further stated that a search of ELSUR and the Bureau mailing list returned no records.

16. On February 25, 2013, Plaintiff sent a letter to DOJ'S Office of Information Policy (OIP) via Certified Mail (#7012 1010 0003 3674 4720) appealing the FBI's response to his FOIA/PA request (1206995).  In his appeal, Plaintiff challenged the sufficiency of the searches and provided a list of locations not searched by the FBI which could reasonably be expected to contain responsive records.  The appeal also challenged all withholdings and redactions.

17. In a letter sent to Plaintiff dated March 14, 2013, OIP acknowledged that it received Plaintiff's appeal from the denial of his FOIA/PA request (1206995) on March 4, 2013 and advised Plaintiff that the appeal had been assigned tracking number AP-2013-02254.

18. Pursuant to 5 USC § 552(a)(6)(A)(ii), a response to Plaintiff's FOIA/PA appeal (AP-2013-02254) was due within 20 working days, or April 1, 2013.

19. As of the filing of this Complaint, Plaintiff has not received a response from OIP making a determination as to his FOIA/PA appeals (AP-2013-02254).

20. Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies because Defendant has failed to comply with the statutory time limit.

## COUNT I: VIOLATION OF FOIA

21. This Count realleges and incorporates by reference all of the preceding paragraphs.

22. Each of the documents referred to in this Complaint is incorporated herein by reference.

23. Defendant has violated FOIA by failing to adequately search for and produce records responsive to Plaintiff's FOIA/PA request (1206995).

24. Defendant has violated FOIA by improperly invoking exemptions (b)(6), (b)(7)(C), (b)(7)(E) and (b)(7)(F) in response to Plaintiff's FOIA/PA request (1206995), and by failing to release segregable portions of responsive records.

25. Defendant has violated FOIA by failing to timely respond with a determination as to Plaintiff's FOIA/PA appeals (AP-2013-02254).

26. Plaintiff is entitled to a fee waiver for the reasons sets forth in his FOIA/PA requests.

27. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA/PA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin Defendant from continuing to withhold the records responsive to Plaintiff's FOIA/PA request and otherwise order Defendant to produce the requested records without further delay;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

  /s/ Jeffrey Light
　
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*