UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

RYAN NOAH SHAPIRO,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE,

    Defendant.

---

Civil Action No. 13-0729 (PLF)

## OPINION

This is a Freedom of Information Act case brought by plaintiff Ryan Noah Shapiro against the United States Department of Justice. Shapiro has requested information about Aaron Swartz, a recently deceased computer programmer, activist, and doctoral candidate at MIT. It is alleged that Swartz committed suicide after becoming the subject of an intensive federal investigation. This matter is now before the Court on the parties' cross-motions for summary judgment.[1]

---

[1] The papers considered in connection with the pending motions include the following: plaintiff's complaint ("Compl.") [Dkt. No. 1]; defendant's motion for summary judgment ("Def.'s Mot. Summ. J.") [Dkt. No. 5]; defendant's statement of undisputed material facts ("Def.'s Stmt. Facts") [Dkt. No. 5-2]; plaintiff's motion for summary judgment ("Pl.'s Mot. Summ. J.") [Dkt. No. 7-1]; plaintiff's statement of undisputed material facts ("Pl.'s Stmt. Facts") [Dkt. No. 7-7]; declaration of David M. Hardy ("Hardy Decl.") [Dkt. No. 5-3]; defendant's opposition to plaintiff's summary judgment motion and reply in support of its own summary judgment motion ("Def.'s Opp. Pl.'s Mot. Summ. J.") [Dkt. Nos. 10, 11]; declaration of Dennis J. Argall ("Argall Decl.") [Dkt. Nos. 10-1, 11-1]; plaintiff's opposition to defendant's summary judgment motion and reply in support of his own summary judgment motion ("Pl.'s Opp. Def.'s Mot. Summ. J.") [Dkt. No. 12]; Order of November 1, 2013, directing defendant to deliver unredacted documents to the court for *in camera* review ("Nov. 1, 2013 Order") [Dkt. No. 13]; defendant's notice of *in camera* submission ("Notice") [Dkt. No. 15].

I.  BACKGROUND

After plaintiff submitted his FOIA request, the Federal Bureau of Investigation, a component within the Department of Justice, indicated that it had located 23 pages responsive to plaintiff's request.  Hardy Decl., Ex. G at 53-75; *see* Pl.'s Stmt. Facts ¶¶ 5-6.  The FBI provided four of these pages in full to plaintiff.  Pl.'s Stmt. Facts ¶ 5.  Seventeen of these pages were withheld in part pursuant to Exemptions 6, 7(C), 7(E), and 7(F) of the FOIA.  Pl.'s Stmt. Facts ¶¶ 5, 26.  Two documents – a total of four pages – were withheld as duplicates of documents previously provided.  *Id*. ¶ 6.  Plaintiff contends that the FBI improperly withheld information contained in these 23 pages.  Specifically, plaintiff argues that the government has improperly withheld information under FOIA Exemptions 6 and 7(C) and has improperly withheld the duplicate pages.  Pl.'s Mot. Summ. J. 5-15.[2]  In addition, plaintiff argues that the search undertaken by the FBI was inadequate.  *Id*. at 2-5.

Given the small number of documents at issue in this case, the Court issued an Order on November 1, 2013, directing the government to deliver to the Court for *in camera* review unredacted copies of the following pages:  Swartz-1 to Swartz-7, Swartz-10, Swartz-12 to Swartz-20, and Swartz-22 to Swartz-23.  On December 13, 2013, the government delivered hard copies of these documents, in unredacted form, to the undersigned's Chambers and filed a notice of *in camera* submission on the docket.  *See* Notice.  The Court has now reviewed the documents submitted *in camera* and has concluded that, on the issue of whether the government improperly withheld information in the 23 pages initially released, the defendant's motion for summary judgment should be granted and the plaintiff's cross-motion should be denied.

---

[2]  As noted below, the government also asserts Exemption 7(F) with respect to certain information, *see* Def.'s Mot. Summ. J. 14, but the Court does not independently consider this Exemption.  The government has withdrawn its assertion of Exemption 7(E).  *See* Def.'s Opp. Pl.'s Mot. Summ. J. 7.

With two exceptions (Swartz-3A-3B and Swartz-22-23), which the government has withheld *in toto* on the ground that they are duplicates of documents already disclosed, the documents at issue have all been provided in redacted form. The redactions are of names and telephone numbers. The government has indicated the FOIA exemptions on which it relies for each redaction and the nature of the information redacted. All redacted portions of the documents have been withheld as "clearly unwarranted" and "unwarranted" invasions of privacy pursuant to Exemptions 6 and 7(C), respectively. In addition, after the listed exemption or exemptions invoked with respect to each redaction, the government has also added a number – 1, 2, 3 or 4 – and has provided an explanation for each such number through the Declaration of David M. Hardy, an employee of the Federal Bureau of Investigation who identifies himself as the Section Chief of the Record/Information Dissemination Section, Records Management Division, in Winchester, Virginia. *See* Hardy Decl. ¶ 1. The four sub-categories under Exemptions 6 and 7(C) are characterized as follows: (1) names and/or identifying information of FBI Special Agents and support personnel; (2) names and/or identifying information of third parties who provided information to the FBI; (3) names and/or identifying information of third parties merely mentioned; and (4) name of a non-FBI federal government employee. *See id.* ¶¶ 35-42. The Court has examined the redacted portions of the relevant documents at issue in the context of each overall document and, with these descriptions in mind, has applied the FOIA and the relevant case law.

The Court also has considered the parties' arguments relating to the adequacy of the FBI's search and has carefully examined the representations made by the FBI's declarants. The Court is not persuaded that the FBI has conducted "a good faith, reasonable search of those systems of records likely to possess the requested information," as required under the FOIA. *See*

*Lardner v. FBI*, 852 F. Supp. 2d 127, 133 (D.D.C. 2012). It therefore will hold the parties' summary judgment motions in abeyance in part, pending further briefing and additional processing of records, as appropriate.

II. DISCUSSION

*A. Summary Judgment in a FOIA Case*

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). In a FOIA action to compel production of agency records, the agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates that each document that falls within the class requested has been produced, is unidentifiable, or is wholly exempt from the FOIA's disclosure requirements. *Moayedi v. U.S. Customs and Border Protection*, 510 F. Supp. 2d 73, 78 (D.D.C. 2007) (citing *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982)). Summary judgment may be based solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Beltranena v. Clinton*, 770 F. Supp. 2d 175, 182 (D.D.C. 2011).

### B. Exemptions Invoked

#### 1. Exemption 6

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is construed broadly and is "intended to cover detailed Government records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) (citation omitted). "The information in the file 'need not be intimate' for the file to satisfy the standard, and the threshold for determining whether information applies to a particular individual is minimal." *Milton v. U.S. Dep't of Justice*, 783 F. Supp. 2d 55, 58 (D.D.C. 2011) (quoting *New York Times Co. v. Nat'l Aeronautics and Space Admin.*, 920 F.2d 1002, 1006 (D.C. Cir. 1990)).

Information protected under Exemption 6 includes such items as a person's name, address, place of birth, employment history, and telephone number. *See Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989); *see also Gov't Accountability Project v. U.S. Dep't of State*, 699 F. Supp. 2d 97, 106 (D.D.C. 2010) (personal email addresses); *Schmidt v. Shah*, No. 08-2185, 2010 WL 1137501, at *9 (D.D.C. Mar. 18, 2010) (employees' home telephone numbers); *Schwaner v. Dep't of the Army*, 696 F. Supp. 2d 77, 82 (D.D.C. 2010) (names, ranks, companies and addresses of Army personnel); *United Am. Fin., Inc. v. Potter*, 667 F. Supp. 2d 49, 65-66 (D.D.C. 2009) (name and cell phone number of an "unknown individual").

Once this threshold inquiry is met, the Court employs a balancing test to determine whether the public interest in disclosure outweighs the privacy interests of the relevant individuals. *Washington Post Co. v. U.S. Dep't of Health and Human Servs.*, 690 F.2d 252, 260

(D.C. Cir. 1982). It is the requester's obligation to demonstrate the existence of a significant public interest in disclosure. *See Coleman v. Lappin*, 680 F. Supp. 2d 192, 196 (D.D.C. 2010).

2. Exemption 7(C)[3]

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982). In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7. *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773-75 (1989); *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1205-06 (D.C. Cir. 1991). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). The privacy interest at stake belongs to the individual, not to the

---

[3] It is the FBI's practice to assert Exemption 6 in conjunction with Exemption 7(C). Hardy Decl. ¶ 33 n.2.

government agency, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. at 763-65; *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d at 875 (noting individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"), and individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d at 1282 (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. at 773). It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

The D.C. Circuit has consistently held that Exemption 7(C) "protects the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses and informants, and has determined that such third-party information is categorically exempt from disclosure under [E]xemption 7(C), in the absence of an overriding public interest in its disclosure." *Lewis v. U.S. Dep't of Justice*, 609 F. Supp. 2d 80, 84 (D.D.C. 2009) (internal quotation marks and citations omitted); *see Sussman v. U.S. Marshals Serv.*, 494 F.3d at 1116 (names, addresses, telephone numbers, social security numbers and other private information about law enforcement officers, other government employees, and third parties other than a third party who had authorized the release of records about himself to the requester); *Richardson v. U.S. Dep't of Justice*, No. 09-1916, 2010 WL 3191796, at *7-8 (D.D.C. Aug. 13, 2010) (identities of and personal information about FBI Special Agents, Metropolitan Police Department officers, law enforcement technicians, an Assistant United States Attorney, and

eyewitnesses to an attempted murder); *Lasko v. U.S. Dep't of Justice*, 684 F. Supp. 2d 120, 132 (D.D.C. 2010) (identities of DEA Special Agents and laboratory personnel, and state and local law enforcement officers); *Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34, 47 (D.D.C. 2009) (citing *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003)) (identities of investigators, suspects, witnesses, and informants); *Zavala v. Drug Enforcement Admin.*, 667 F. Supp. 2d 85, 100 (D.D.C. 2009) (identities of law enforcement officers and other government employees); *Willis v. U.S. Dep't of Justice*, 581 F. Supp. 2d 57, 76 (D.D.C. 2008) (identities of federal and local law enforcement personnel).

### C. Application of Exemptions to Documents at Issue

As noted, *supra* at 3, in this case the FBI has redacted and thus withheld four categories of information: (1) names and/or identifying information of FBI Special Agents and support personnel; (2) names and/or identifying information of third parties who provided information to the FBI; (3) names and/or identifying information of third parties merely mentioned; and (4) name of a non-FBI federal government employee.

With respect to the names, telephone numbers, and other identifying information of FBI Special Agents and support personnel, the FBI's declarant, David Hardy, states that among other tasks, these individuals were responsible for conducting, supervising, and/or maintaining the investigative documents responsive to plaintiff's requests. Hardy Decl. ¶¶ 35-37. He also states that "[p]ublicity (adverse or otherwise) regarding any particular investigation . . . may seriously impact [FBI Special Agents and support personnel's] effectiveness in conducting other investigations." *Id*. ¶ 35. Disclosure of their identities may result in "unnecessary, unofficial questioning as to the conduct of any investigations, whether or not they are currently employed by the FBI." *Id.* The declarant further states that Special

8

Agents "come into contact with all strata of society, conducting searches and making arrests, both of which result in reasonable but nonetheless serious disturbances" to the persons searched or arrested, and these persons may target or seek revenge on the agents. *Id.* ¶ 36.

With respect to FBI support personnel, the declarant states that such personnel were assigned to handle tasks relating to assistance to local law enforcement agencies. Hardy Decl. ¶ 37. Furthermore, he says, they have been, and may continue to be, in positions with access to information "regarding official law enforcement investigations, and therefore could become targets of harassing inquires for unauthorized access to investigations if their identities were released." *Id*. In the FBI's view, there is no public interest sufficient to outweigh the privacy interests of its Special Agents and support personnel. *Id.* ¶¶ 36, 37. Redaction of the names of federal, state and local law enforcement personnel and support staff under circumstances similar to those described here has routinely been upheld for the reasons stated by the declarant. *See supra* at 5-7. After reviewing the redactions, the Court agrees that the redactions made by the FBI are justified under Exemptions 6 and 7(C).[4]

The FBI also withholds the names, telephone numbers, and other identifying information of third parties who provided information to the FBI, as well as of individuals who were only incidentally mentioned in records responsive to plaintiff's request. Hardy Decl. ¶¶ 38, 41-42. Its declarant explains that individuals interviewed by the FBI often fear that if their identities are exposed, they will face harassment, threats, and possible physical harm, and must be assured that their identities will be confidential. *Id*. ¶¶ 41-42. With respect to those merely mentioned in the FBI's records, the declarant explains that disclosure of their identities in

---

[4] The FBI also withholds the names of FBI employees under Exemption 7(F). Because the Court concludes that this information properly is withheld under Exemption 7(C), it need not address whether Exemption 7(F) also applies. *See Simon v. Dep't of Justice,* 980 F.2d 782, 785 (D.C. Cir. 1992).

9

connection with records responsive to plaintiff's request risks subjecting them to possible suspicion, criticism, and/or harassment, as a connection to the FBI can carry a negative connotation. *Id.* ¶ 38. After reviewing the redacted information, which contains the names and other identifying information of individuals who provided information to the FBI, or were otherwise mentioned in FBI reports, the Court is persuaded that the disclosure of such information would constitute an unwarranted invasion of privacy.

Finally, the FBI has withheld the name of a non-FBI federal employee. The FBI's declarant explains that disclosure of this information could subject the individual to unauthorized injuries and harassment, Hardy Decl. ¶¶ 39-40, and the Court agrees.[5]

### D. Adequacy of the Search

To establish that its search for responsive records was adequate, an agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). A search need not be exhaustive, *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985), and an agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine, Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). The adequacy of a search is not determined by its results, but by the method of the search itself, *Weisberg v. Dep't of Justice,* 745 F.2d at 1485, and a court is guided in this determination by principles of reasonableness. *Oglesby v. Dep't of the Army*, 920 F.2d at 68.

---

[5] In addition, the Court does not find the withholding of duplicate pages to be improper in this case.

The FBI's declarants, David M. Hardy and Dennis J. Argall, state that in response to the plaintiff's request, the FBI initially searched the FBI's Central Records System ("CRS"), a centralized FBI record system containing over 116.5 million records, but did not locate any responsive documents. Hardy Decl. ¶ 25; Argall Decl. ¶ 6. In addition, the FBI searched the Request Tracking System of the FOIPA Document Processing System, in order to locate previous requests for similar information, and was able to locate the 23 pages discussed above. Hardy Decl. ¶ 22. Plaintiff raises several objections to the adequacy of the FBI's search, three of which have merit.

1. Whether Request Was Improperly Limited to Records Relating to Criminal Investigations

The CRS is a centralized records system containing administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. Argall Decl. ¶ 6. The FBI interpreted plaintiff's request as seeking access to records relating to Swartz in the context of a specific law enforcement investigation. *Id*. Mr. Argall explains that records responsive to plaintiff's request therefore would be "of a criminal investigative nature and responsive records would reside in the CRS." *Id*. This statement leaves open the possibility that records relating to Swartz *outside* the context of a criminal investigation may be located in databases other than the CRS. *Id*.

The plaintiff maintains that his request was not confined to documents relating to a criminal investigation, and the Court agrees. Although some of the background information included in plaintiff's FOIA request discusses a criminal investigation of Swartz, the plaintiff's request appears to be much broader. In his FOIA request, the plaintiff stated:

> I request disclosure of *any and all* records that were prepared, received, transmitted, collected and/or maintained by the FBI, the Terrorist Screening Center, the National Joint Terrorism Task

> Force, or any Joint Terrorism Task Force relating or referring to the deceased person *Aaron H. Swartz.*

Hardy Decl., Ex. A at 1; *see also McKinley v. F.D.I.C.*, 807 F. Supp. 2d 1, 7 (D.D.C. 2011) (when a request "reasonably describe[s] the records sought . . . an agency also has a duty to construe a FOIA request liberally") (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d at 890).

In light of the Court's view that the plaintiff's request is not confined to records "of a criminal investigative nature," the FBI will be directed to consider whether responsive records would reasonably reside outside the CRS, and either perform any additional appropriate searches in databases or records systems outside the CRS or explain why additional searches would not be appropriate.

### 2. Whether an Index Search Is Adequate

A document that references a specific individual will be indexed in the CRS to the individual's name if the individual is a subject, suspect, or victim. Hardy Decl. ¶¶ 16-17. The decision to index names other than subjects, suspects, and victims is a discretionary decision made by FBI staff. *Id.* In his request, plaintiff requested that the FBI conduct a full-text search of the Electronic Case File ("ECF") within the CRS, rather than merely an index search. Hardy Decl., Ex. A at 7. The FBI, however, declined to conduct a full-text search, but only searched records indexed by Aaron Swartz's name (and phonetic variations of Swartz's name). Argall Decl. ¶ 8.

Mr. Argall explained that the FBI "does not conduct ECF text searches in response to all requests, particularly in those instances, as is the case here, [where] no such search was warranted." Argall Decl. ¶ 8. Mr. Argall provides little further explanation as to why

no further search was warranted, simply that "there was no reasonable basis for [the FBI] to conclude that additional records about [Swartz] resided in the CRS." *Id*.

Although the Court recognizes that a full-text search may not be warranted in every case, it finds the FBI's explanation as to why it was unwarranted here to be lacking. The Court therefore will direct the FBI to either conduct a full-text search of ECF or provide further explanation as to why such a search is unnecessary in this particular case.

3. Whether the FBI Reasonably Excluded Records Received After the Cut-Off Date

During the course of this litigation, the FBI also searched for and identified previous requests made by Aaron Swartz for FBI records on topics other than Swartz himself, as well as any requests made by third parties for FBI records pertaining to Swartz. Argall Decl. ¶ 5. The FBI identified and provided to plaintiff eight FOIA/Privacy Act requests made by Swartz. *Id*. The FBI stated that any requests made by other third parties about Swartz were received after the search cut-off date for plaintiff's request, and therefore were outside the scope of plaintiff's request. *Id*.

As the plaintiff points out, an agency's decision to withhold documents received after the search cut-off date, but during the course of processing, is not always reasonable. *See Public Citizen v. Dep't of State*, 276 F.3d 634, 643 (D.C. Cir. 2002) (citing *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983)). In the present case, the FBI has not informed the plaintiff or the Court what the cut-off date was or whether the third-party requests were received after the processing of plaintiff's request. The Court therefore is unable to determine whether the FBI's decision to withhold the third-party requests is a reasonable one. The Court will direct the FBI to provide the third-party requests and related documents received after the cut-off date or explain further why its decision to withhold these documents is reasonable.

The plaintiff raises a number of other challenges to the adequacy of the search, but the Court does not find any of these to have merit.[6]

III. CONCLUSION

For the reasons discussed above, the Court finds that the FBI has not improperly withheld information in the 23 pages that it initially deemed responsive to plaintiff's request and provided to plaintiff. On the issue of whether the FBI properly invoked Exemptions 6 and 7(C) in withholding certain information in these documents, the Court will grant defendant's motion for summary judgment in part, and deny plaintiff's motion for summary judgment in part.

The Court is not convinced, however, that the FBI has adequately searched for and produced records responsive to plaintiff's request. It therefore will hold the parties' cross-motions for summary judgment in abeyance with respect to the search issue, pending further explanation by the government.

An appropriate Order accompanies this Opinion.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: March 31, 2014          United States District Judge

---

[6] Although the plaintiff contends that the FBI did not search the FBI's Guardian Threat Tracking System, Mr. Argall stated in his declaration that the records in this system are migrated into the CRS, which was searched. Argall Decl. ¶ 9. Plaintiff also asserts that news sources suggest that the FBI conducted additional investigations into Swartz, but such speculation is merely that: speculative, and therefore insufficient to raise a genuine question about the adequacy of the search. *See Shapiro v. U.S. Dep't of Justice*, --- F. Supp. 2d ----, 2014 WL 953270, at *6 (D.D.C. 2014) ("Agency declarations are accorded 'a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.'") (quoting *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d at 1200).