**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
RYAN NOAH SHAPIRO,                        )
                                          )
    Plaintiff,                            )
                                          )
    v.                                    )      Civil Action No. 13-729 (PLF)
                                          )
U.S. DEPARTMENT OF JUSTICE,               )
                                          )
    Defendant.                            )
_____ )

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

The United States Department of Justice ("Defendant"), by and through undersigned

counsel, hereby supplements its Motion for Summary Judgment, in accordance with the Court's

March 31, 2014 Opinion and Order.  The instant supplemental brief provides the following

information: 1) whether the Federal Bureau of Investigation ("FBI") limited its search to records

that are related to criminal investigations, 2) why a full-text search is unwarranted in this case,

and 3) which third-party Freedom of Information Act ("FOIA") request records FBI released to

Plaintiff.  In light of this supplemental information, Defendant respectfully requests that the

Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for

Summary Judgment.

**I.      SUPPLEMENTAL FACTUAL BACKGROUND**

Defendant hereby incorporates by reference the Declaration of David M. Hardy ("First

Hardy Decl.") (ECF No. 5-3), dated July 22, 2013; the Declaration of Dennis J. Argall ("Argall

Decl.") (ECF No. 11-1), dated September 13, 2013; and the Second Declaration of David M.

Hardy ("Second Hardy Decl."), dated July 10, 2014, attached hereto.

II.     **SUPPLEMENTAL LEGAL ARGUMENT**

      **A. FBI Did Not Limit Its Search To Records That Are Related To Criminal Investigations.**

      In its March 31, 2014 Order, the Court determined that Plaintiff's FOIA request was "not confined to documents relating to a criminal investigation[.]"  ECF No. 18, p. 11.  The Court noted that the Argall Declaration "leaves open the possibility that records relating to Swartz outside the context of a criminal investigation may be located in databases other than CRS [the Central Records System]" and directed FBI to "consider whether responsive records would reasonably reside outside the CRS, and either perform any additional appropriate searches in databases or records systems outside the CRS or explain why additional searches would not be appropriate."  *Id*. at pp. 11-12.

      FBI did not limit its search to CRS or to records that are related to criminal investigations.  Second Hardy Decl., ¶5.  In response to Plaintiff's FOIA request, FBI searched CRS, the FOIA Document Processing System ("FDPS"), and the Electronic Surveillance Indices ("ELSUR").  *Id*. at ¶6.  CRS contains more than criminal investigative files; for example, CRS includes administrative, applicant, and personnel files.  *Id*. at ¶5.  When searching CRS in response to Plaintiff's FOIA request, FBI searched not only criminal records, but records of any nature that were indexed to the subject of the FOIA request (Aaron H. Swartz).  *Id*.  The CRS search did not yield any responsive records.  Argall Decl. at ¶ 7.  FDPS, which FBI also searched, is FBI's electronic repository of FOIA/Privacy Act requests received by FBI.  First Hardy Decl., ¶22.  As such, FDPS includes records unrelated to criminal investigations.  *See id*.  FBI located records responsive to Plaintiff's FOIA request, in FDPS.  *Id*. at ¶¶22-23.  FBI also searched ELSUR, which is separate from CRS and is used to maintain information on subjects for whom electronic or voice communications have been intercepted,

but no responsive records were located in ELSUR in this case.  *Id*. at ¶¶18, 19, 25.  Based on its

searches of CRS, ELSUR, and FDPS—as well as the responsive records that were located—FBI

determined that there are not likely any additional responsive records.  Second Hardy Decl., ¶6.

### B.  A Full-text Search Is Unwarranted In This Case.

In its March 31, 2014 Order, the Court found that FBI's explanation as to why a full-text

search of the CRS Electronic Case File ("ECF") was not warranted in response to Plaintiff's

FOIA request, was lacking.  ECF No. 18, p. 13.  The Court directed FBI to either conduct a full-

text search or explain why such a search is unnecessary.  *Id*.

Full-text searches of CRS are beneficial in extraordinary situations in which there is

information indicating that additional responsive records exist, despite the results of a CRS

index search.  Second Hardy Decl., ¶8.  Absent those extraordinary situations, full-text searches

usually yield unidentifiable, incomplete names, without other identifying information, as

results—without providing any means by which to determine whether those vague results refer

to the subject of the FOIA request.  *Id*. at ¶7.  Because full-text searches typically utilize a

significant amount of time and resources, and yield little or no additional responsive records,

FBI generally does not conduct full-text searches unless the aforementioned extraordinary

circumstances exist.  *Id*. at ¶¶7-8.  Here, there are no such extraordinary circumstances.  *Id*. at

¶8.  Nothing in the responsive records that FBI already located indicates that additional

responsive records exist; nor has Plaintiff provided any information indicating that FBI

possesses additional responsive records.  *Id*.  Therefore, FBI reasonably concluded that a full-

text search of CRS is unwarranted in this case.  *Id*.

### C. FBI Released All Responsive Third-party FOIA Request Records, Regardless Of The Dates.

In its March 31, 2014 Order, the Court noted that it was unable to determine whether FBI's decision to withhold third-party FOIA requests after the FOIA request cut-off date was reasonable. ECF No. 18, p. 13. The Court directed FBI to "provide the third-party [FOIA] requests and related documents received after the cut-off date or explain further why its decision to withhold these documents is reasonable." *Id.*

FBI previously withheld third-party FOIA request records pertaining to Aaron Swartz, due to the search cut-off date for Plaintiff's FOIA request. Argall Decl. at ¶5. However, FBI subsequently released to Plaintiff all such records in its possession. Second Hardy Decl. at ¶9. Specifically, on June 6, 2014, FBI released to Plaintiff the FOIA request records for twenty-four (24) third-party FOIA requests pertaining to Aaron Swartz. Second Hardy Decl., Exh. E. FBI received those third-party FOIA requests between January 12, 2013 and September 1, 2013. Second Hardy Decl., Exhs. A, C, D. Thus, FBI complied with the Court's March 31, 2014 Order by releasing the third-party FOIA request records. *See* ECF No. 18, p. 13.

### III. CONCLUSION

For the aforementioned reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.


Dated July 16, 2014                          Respectfully submitted,

                                             RONALD C. MACHEN JR., D.C. Bar #447889
                                             United States Attorney for the District of Columbia

                                             DANIEL F. VAN HORN, D.C. Bar #924092
                                             Assistant United States Attorney

By:        /s/

DIONNE SHY
D.C. Bar #980042
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2633
Dionne.Shy@usdoj.gov

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of July, 2014, a true and correct copy of the above

Defendant's Supplemental Brief in Support of Motion for Summary Judgment was mailed,

postage prepaid, to:

JEFFREY LOUIS LIGHT
Law Office of Jeffrey Light
1712 Eye Street, NW
Suite 915
Washington, DC 20006


                                       _____/s/_____
DIONNE SHY
D.C. Bar #980042
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2633
Dionne.Shy@usdoj.gov