UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                             )
RYAN NOAH SHAPIRO,                           )
                                             )
              Plaintiff,                     )
                                             )
        v.                                   )        Civil Action No. 13-0729 (PLF)
                                             )
DEPARTMENT OF JUSTICE,                        )
                                             )
              Defendant.                     )
_____ )

<u>MEMORANDUM OPINION AND ORDER</u>

   This is a Freedom of Information Act case brought by plaintiff Ryan Noah

Shapiro against the United States Department of Justice.  On March 31, 2014, the Court granted

defendant's motion for summary judgment with respect to information withheld under

Exemptions 6 and 7(C), but held the parties' cross-motions for summary judgment in abeyance

with respect to the adequacy of the FBI's search and ordered defendant to provide further

explanation as to three aspects of its search.  The Court now is satisfied that defendant has

conducted an adequate search of those systems of records likely to possess the information

requested by plaintiff, as required under the FOIA, despite the unnecessarily piecemeal approach

adopted by defendant in this case.  The Court therefore will grant defendant's motion for

summary judgment and deny plaintiff's motion for summary judgment with respect to the

adequacy of defendant's search.

   In supplementing its production following the Court's March 31, 2014 Order,

however, defendant located an additional 68 pages of responsive documents, 23 pages of which

defendant withheld in part and 9 pages of which were withheld entirely pursuant to FOIA

Exemptions 3, 6, 7(C), 7(E), and 7(F).  Because defendant has provided only conclusory statements of its rationale for withholding these pages as to Exemptions 3 and 7(E), the Court must order defendant to provide additional specificity.  It therefore will again hold portions of the parties' cross-motions for summary judgment in abeyance, this time only with respect to defendant's assertion of FOIA Exemptions 3 and 7(E).[1]

## I.  BACKGROUND

On March 31, 2014, this Court held the parties' cross-motions for summary judgment in abeyance in part, pending further briefing and the FBI's processing of additional records, if necessary.  See March 31, 2014 Op. at 3-4.  Specifically, the Court directed the defendant to (1) consider "whether responsive records would reasonably reside outside the [Central Records System (CRS)], and either perform any additional appropriate searches in [those] databases or records . . . or explain why additional searches would not be appropriate"; (2) either "conduct a full-text search of ECF or provide further explanation as to why such a search is unnecessary in this particular case"; and (3) "provide the third-party requests and

---

[1]      The papers considered in connection with the pending motions include the following:  plaintiff's complaint ("Compl.") [Dkt. 1]; first declaration of David M. Hardy ("First Hardy Decl.") [Dkt. 5-3]; plaintiff's cross-motion for summary judgment [Dkt. 7]; declaration of Dennis J. Argall [Dkts. 10-1 and 11-1]; plaintiff's statement of undisputed material facts [Dkt. 7-7]; defendant's statement of undisputed material facts [Dkt. 5-2]; defendant's reply to plaintiff's opposition/opposition to plaintiff's motion for summary judgment [Dkt. 11]; plaintiff's reply in support of his cross-motion for summary judgment [Dkt. 12]; this Court's March 31, 2014 Order [Dkt. 17] and March 31, 2014 Opinion ("March 31, 2014 Op.") [Dkt. 18]; defendant's supplemental brief in support of motion for summary judgment [Dkt. 22]; second declaration of David M. Hardy ("Second Hardy Decl.") [Dkt. 22-1]; plaintiff's response to defendant's supplemental memorandum ("Pl. Resp. to Def. Supp. Memo") [Dkt. 28]; third declaration of David M. Hardy ("Third Hardy Decl.") [Dkt. 33-2]; defendant's supplemental reply in support of defendant's motion for summary judgment ("Def.'s Supp. Reply") [Dkt. 33]; and plaintiff's response to defendant's supplemental reply in support of defendant's motion for summary judgment [Dkt. 35].

related documents received after the cut-off date or explain further why its decision to withhold these documents is reasonable." See id. at 12-13; see also March 31, 2014 Order at 1-2.

The FBI's renewed search identified 24 third-party FOIA requests pertaining to Aaron Swartz, 22 of which resulted in the same release of documents as those that had been provided to plaintiff; a twenty-third requestor received one additional page now provided to plaintiff.  Second Hardy Decl. ¶ 9.  John Greenewald, Jr. made the final request and requested documents pertaining to Aaron Swartz with specific reference to case number 288A-WF-238943, the same case number listed on each of the 23 pages of documents previously produced to plaintiff by defendant.  Third Hardy Decl. ¶ 6.  But the FBI ultimately identified an additional 68 pages of documents in that case file not previously processed and therefore not previously released to plaintiff, but that had been produced to Mr. Greenewald.  Of these 68 pages of documents, defendant produced 35 to plaintiff in full, withheld 23 in part, and withheld 9 in full, invoking FOIA Exemptions 3, 6, 7(C), 7(E), and 7(F); one page is a duplicate page previously provided to plaintiff.  Third Hardy Decl. ¶¶ 7-8.  Plaintiff does not challenge defendant's withholding pursuant to Exemptions 6, 7(C), and 7(F), but does argue that defendant has improperly withheld information pursuant to Exemptions 3 and 7(E).

## II.  LEGAL STANDARD

"FOIA cases typically and appropriately are decided on motions for summary judgment."  Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  The Court grants summary judgment if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  In a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls

within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" Students Against Genocide v. U.S. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)).

To establish that its search for responsive records was adequate, an agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see also Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F.3d 504, 514 (D.C. Cir. 2011) (quoting Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (noting an agency's FOIA obligations are fulfilled "if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents'")). A search need not be exhaustive, Saldana v. FBI, 715 F. Supp. 2d 24, 26 (D.D.C. 2010), and an agency's failure to find a particular document does not undermine the determination that the search was adequate. Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004); Nation Magazine, Wash. Bureau v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). The adequacy of a search therefore is not determined by its results but by the method of the search itself, Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); see also Saldana v. FBI, 715 F. Supp. 2d at 25-26, and principles of reasonableness guide the determination. Oglesby v. U.S. Dep't of the Army, 920 F.2d at 68.

An agency can satisfy its burden with supporting affidavits or declarations if they are "relatively detailed and non-conclusory," SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by

4

evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F.3d at 514.  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."  Lasko v. U.S. Dep't of Justice, 684 F. Supp. 2d 120, 127 (D.D.C. 2010) (quoting SafeCard Servs., Inc. v. SEC, 926 F.2d at 1200).

III.  DISCUSSION

The Court first will consider defendant's supplemental responses as to the adequacy of its search, and then will discuss defendant's withholding of certain responsive documents pursuant to FOIA Exemptions 3 and 7(E).

A.  Adequacy of the Search

Plaintiff makes no arguments that the government inappropriately limited its search to records related to criminal investigations or that the government has not now released to plaintiff all third-party requests previously withheld due to the search cut-off date for plaintiff's FOIA request.  It is also clear that the FBI has done most of what the Court directed it to do.  See Second Hardy Decl. ¶ 6.  The only remaining issue is whether the government has provided a sufficient explanation as to why a full-text search is unnecessary in this case.  The Court concludes that it has.

In support of its response to the Court's Order, the government submitted two additional declarations from David Hardy.  The government now explains that, in its experience, "full-text searches generally return a significant number of 'hits' that are random and incomplete references" such that "the net result of a full-text search is typically a significant use of time and

resources yielding little or no additional responsive information." Second Hardy Decl. ¶ 7; see also id. ¶ 8; Third Hardy Decl. ¶ 10. Because there is no reason to believe that other responsive records likely exist, the government argues that a full-text search is unwarranted. The Court agrees.

The government now has provided sufficient detail explaining its search methodology such that the Hardy declarations must be accorded "a presumption of good faith." See Lasko v. U.S. Dep't of Justice, 684 F. Supp. 2d at 127 (quoting SafeCard Servs., Inc. v. SEC, 926 F.2d at 1200). Plaintiff's argument that the indexing system of the FBI's CRS is flawed may be true, but ultimately is irrelevant because the government need only conduct a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dep't of the Army, 920 F.2d at 68. The government need not conduct an exhaustive search, nor must it use only the best technology available to it — "the FBI's search, under FOIA, 'is not unreasonable simply because it fails to produce all relevant material . . . .'" Mobley v. CIA, 806 F.3d 568, 583 (D.C. Cir. 2015) (quoting Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986)).

Plaintiff argues that "[t]here is reason to believe that the FBI has still further records on Aaron Swartz" because one of the documents recently released to plaintiff references a certain case number. Pl. Resp. to Def. Supp. Memo at 11. Plaintiff thus asserts that the FBI must conduct numerous additional searches. Id. at 12-13. But the government only is obligated to pursue a lead that is "both clear and certain" and "so apparent that the [FBI] cannot in good faith fail to pursue it." Mobley v. CIA, 806 F.3d at 582 (quoting Kowalczyk v. Dep't of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996)); see also Kowalcyzk v. Dep't of Justice, 73 F.3d at 389 (noting that "if the requester discovers leads in the documents he received from the agency, he

may pursue those leads through a second FOIA request").  The Court is unpersuaded that the single reference to a case number, linked to a website associated with Aaron Swartz — as opposed to his name — constitutes such a "clear and certain" lead that the government must pursue.  While the case number that was listed on all 23 pages of documents initially produced by the government arguably constituted such a lead, the government now has searched that case file and produced all relevant documents to plaintiff, minus the pages withheld under various FOIA exemptions.  Def.'s Supp. Reply at 5; Third Hardy Decl. ¶ 21.  Because plaintiff's arguments fail to rise above "purely speculative claims about the existence and discoverability of other documents," Lasko v. U.S. Dep't of Justice, 684 F. Supp. 2d at 127, the Court will grant defendant's motion for summary judgment as to the adequacy of the search.

### B.  FOIA Exemptions 3 and 7(E)

In responding to the Court's Order, the government identified an additional 68 responsive pages of documents not previously processed and released to plaintiff that had been produced to a third party.  Of these 68 pages of documents, the government withheld 23 in part and 9 in full, invoking FOIA Exemptions 3, 6, 7(C), 7(E), and 7(F).  Plaintiff does not challenge defendant's withholding pursuant to Exemptions 6, 7(C), and 7(F), but does argue that defendant has improperly withheld information pursuant to Exemptions 3 and 7(E).  The Court cannot reach a conclusion as to this issue because the government's explanations attempting to justify its withholdings are inadequate.

As to Exemption 3, the government has explained only that "the investigative files contain copies of specific records received in response to a federal grand jury subpoena" and that "[a]ny disclosure of this information would clearly violate the secrecy of the grand jury proceedings and could reveal the inner workings of a federal grand jury."  Third Hardy Decl.

¶ 18.  Such conclusory statements are insufficient to justify withholding a document pursuant to FOIA Exemption 3.  <u>See</u> <u>Senate of Puerto Rico ex rel. Judiciary Comm. v. Dep't of Justice</u>, 823 F.2d 574, 584 (D.C. Cir. 1987) (holding that, where the government's declaration "says little more than that the material has been presented to the grand jury; unless this fact alone automatically exempts the material, a position we reject, it is incumbent upon [the Court] to require some affirmative demonstration of a nexus between disclosure and revelation of a protected aspect of the grand jury's investigation"); <u>see</u> <u>also</u> <u>Boehm v. FBI</u>, 948 F. Supp. 2d 9, 28 (D.D.C. 2013) (rejecting a similarly worded declaration); <u>Defenders of Wildlife v. U.S. Border Patrol</u>, 623 F. Supp. 2d at 90.

Similarly, as to Exemption 7(E), the government states that the FBI withheld "database search results located through non-public databases used for official law enforcement purposes" and that "[d]isclosure of the printouts or information compiled from these search results could enable criminals to employ countermeasures to avoid detection."  Third Hardy Decl. ¶ 20.  The government's only explanation is that those "non-public databases serve as repositories for counterterrorism and investigative data" and that they are "one-stop shops" for law enforcement to "query information and develop investigative leads."  <u>Id</u>.  These threadbare statements fall far short of meeting the government's burden to "demonstrate[] logically how the release of [the requested] information might create a risk of circumvention of the law," as required by Exemption 7(E).  <u>Mayer Brown LLP v. IRS</u>, 562 F.3d 1190, 1194 (D.C. Cir. 2009) (quoting <u>PHE, Inc. v. Dep't of Justice</u>, 983 F.2d 248, 251 (D.C. Cir. 1993)).  The government's explanation contains insufficient information for the Court to determine whether disclosure of these database search results would "increase the risks that a law will be violated or that past

violators will escape legal consequences." Id. at 1193. See also Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d at 89-90.

Because the government has provided insufficient information for the Court to determine whether the relevant documents have been properly withheld pursuant to FOIA Exemptions 3 and 7(E), the Court will hold the parties' cross-motions for summary judgment in abeyance, in part, and order the government to file a supplemental brief accompanied by a declaration or declarations providing additional detail and explanation.

## III.  CONCLUSION

The Court now is satisfied that the FBI has adequately searched for and produced records responsive to plaintiff's request.  The government's justifications as to the documents it withheld pursuant to FOIA Exemptions 3 and 7(E), however, are insufficient.  The Court therefore will grant summary judgment to defendant as to the adequacy of the search, but hold the parties' cross-motions for summary judgment in abeyance with respect to the documents withheld pursuant to Exemptions 3 and 7(E).

For the foregoing reasons, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. No. 5] is GRANTED in part and HELD IN ABEYANCE in part; it is

FURTHER ORDERED that plaintiff's motion for summary judgment [Dkt. No. 7] is DENIED in part and HELD IN ABEYANCE in part; and it is

FURTHER ORDERED that on or before October 14, 2016, defendant shall file a supplemental brief accompanied by a declaration or declarations providing additional detail and

explanation as to the government's justification for withholding documents pursuant to FOIA

Exemptions 3 and 7(E).

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE:  September 7, 2016                    United States District Judge